HARRIS COUNTY, Appellant,

v.

Harry WALSWEER, Appellee.

Harry WALSWEER, Appellant,

v.

HARRIS COUNTY, Ed "Tracy" Maxon, Brian Black, Tim Martin, John Schlein, Corey Burhalter, The Honorable Jon Lindsay, Tommy Tompkins, Katy Caldwell, The Honorable El Franco Lee, The Honorable Jim Fonteno, The Honorable Steve Radack, The Honorable Jerry Eversole, and The Honorable Glen Cheek, Appellees.

No. 01–94–00005–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1996.

Rehearing Overruled Oct. 3, 1996.

Frank Sanders, Sandra D. Hachem, Houston, for Appellant.

Wayne Fisher, Denice Smith, Olan J. Boudreaux, Houston, for Appellees.

Before WILSON, HUTSON–DUNN and O'CONNER, JJ.

## OPINION ON MOTION
## FOR REHEARING

WILSON, Justice.

Harris County's motion for rehearing is denied. However, we withdraw our opinion of March 7, 1996, and substitute this opinion in its place.

Two separate appeals have arisen in this case. Harris County appeals a summary judgment granted in favor of Harry Walsweer (Walsweer). Walsweer appeals the denial of a writ of mandamus to compel Harris County officials to pay a 1988 judgment rendered against Constable Ed Maxon and his deputy constables.

## I. Factual background

On September 14, 1984, Walsweer's daughter, Sharri, and her estranged husband, Mike, got into a heated argument at her parents' home. Walsweer and his wife, Sherron, asked Mike to leave and escorted him outside. Sharri called the Houston Police Department and a friend called the Harris County Constable's Office. When he came back into the house, Walsweer told the others that Mike had left.

A little while later, Sharri saw someone with a gun at the kitchen window. She thought it was Mike, dropped to her knees, and shouted to the others that Mike had returned with a gun. Walsweer's wife got a pistol and went to the front door. When she opened the door to see whether Mike was outside, she saw movement from underneath a bush and dived to the ground. Walsweer was standing behind her, about nine feet from the entry way, when he was hit by bullets fired by four deputy constables. At least 15 shots were fired, and Walsweer was hit five times. Walsweer was hospitalized for more than eight months and is confined to a wheelchair.

## II. Procedural background

This is the third appeal of this case. Originally, Walsweer brought suit in 1985 against Harris County, Constable Maxon, and the four deputy constables, Brian Black, Tim Martin, John Schlein, and Corey Burhalter. Walsweer alleged that the defendants, under color of law, deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.

### The original trial and first appeal

The case was tried in 1988. At the close of all the evidence, the trial court granted an instructed verdict in favor of Harris County. The remainder of the case against the other defendants was submitted to the jury. The jury found that (1) the deputy constables deprived Walsweer of his constitutional rights by shooting at him recklessly and with conscious disregard of a substantial and unjustifiable risk of injury or death; (2) such action was the proximate cause of his injury; (3) the deputy constables were grossly negligent; (4) their gross negligence was the proximate cause of the shooting; (5) serious incompetence or misbehavior was general or widespread throughout the precinct; (6) such incompetence or misbehavior was known by Harris County; (7) Constable Maxon had an official policy or custom of providing inadequate training to deputy constables in his precinct; (8) this official policy or custom constituted gross negligence and was a proximate cause of the shooting; and (9) Walsweer was damaged in the amount of $5,067,338.

After the jury returned a verdict for Walsweer, the trial court rendered judgment on March 31, 1988, against Constable Maxon and the four deputy constables "in their official capacities" for $5,799,101, plus prejudgment interest in the amount of $478,103.20.

On August 23, 1990, the Eleventh Court of Appeals reversed the instructed verdict against Harris County and remanded; however, the court affirmed the official-capacity judgment against the other defendants.[1] *See Walsweer v. Harris County,* 796 S.W.2d 269, 276 (Tex.App.—Eastland 1990, writ denied), *cert. denied,* 502 U.S. 866, 112 S.Ct. 192, 116 L.Ed.2d 153 (1991).

### The remand and second appeal

On remand, Walsweer filed a motion to enforce the judgment and alternatively, a

---

1. The appeal was transferred from this Court to the Eleventh Court of Appeals by order of the Texas Supreme Court pursuant to Tex.Gov't Code Ann. § 73.001 (Vernon 1988).

motion for summary judgment, arguing that because the Eleventh Court of Appeals affirmed the judgment against the constable and the deputies in their official capacities, judgment should be rendered against Harris County as a matter of law. The trial court granted the summary judgment. Harris County appealed.

In an unpublished opinion issued November 24, 1992, the Sixth Court of Appeals reversed the summary judgment and remanded to the trial court.[2] *Harris County v. Walsweer,* No. 6–92–079–CV, slip op. at 5 (Tex.App.—Texarkana 1992, no writ) (not designated for publication). The court of appeals stated:

> No evidence whatsoever is attached or in any manner incorporated [to Walsweer's motion for summary judgment]. When this case was previously appealed, the court of appeals reversed the instructed verdict in favor of Harris County because there were factual questions as to whether Constable Maxon was the county's policy maker, as to whether the commissioner's court was the policy maker as to hiring and training deputy constables, and about the custom of Harris County in training deputies. Upon the initial remand, these questions remained. In that [Walsweer] produced no summary judgment evidence to establish that any factual issues were established as a matter of law, the trial court erred in entering the summary judgment.

*Id.*

**The second remand and this appeal**

After remand, on June 25, 1993, Walsweer again filed a motion for summary judgment, arguing that Harris County was liable by virtue of the official-capacity judgment rendered against the constable and the deputies, and that Harris County was collaterally estopped from relitigating the issue of its liability. Walsweer also filed a motion for issuance of a writ of mandamus asking the trial court to direct Harris County to pay the official-capacity judgment. On November 10, 1993, the trial court granted the motion for

summary judgment and denied the motion for mandamus relief. This appeal resulted.

**III. The summary judgment appeal**

We will first address Harris County's appeal in which it contends the trial court erred in granting summary judgment in favor of Walsweer.

**Standard of review**

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact, and therefore, the movant is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Long v. State Farm Fire & Casualty Co.,* 828 S.W.2d 125, 126–27 (Tex.App.—Houston [1st Dist.] 1992, writ denied). When a plaintiff moves for summary judgment, it must prove it is entitled to summary judgment as a matter of law on each element of its cause of action. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

If the trial court's order does not state the grounds on which summary judgment was granted, we will affirm the summary judgment if any of the theories advanced are meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

**The law of the case doctrine**

In point of error one, Harris County contends that the trial court erred in granting summary judgment because in doing so, it disregarded the law of the case decided in the previous appeals of this case.

The "law of the case" doctrine is that principle under which questions of law decided on appeal to a court of last resort

2. The appeal was transferred from this Court to the Sixth Court of Appeals by order of the Texas Supreme Court pursuant to Tex.Gov't Code Ann. § 73.001.

will govern the case throughout its subsequent stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Trevino v. Turcotte,* 564 S.W.2d 682, 685 (Tex.1978). "By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency." *Hudson,* 711 S.W.2d at 630. The doctrine only applies to questions of law and does not apply to questions of fact. *Id.* Moreover, the doctrine does not necessarily apply when either the issues or the facts presented in successive appeals are not substantially the same as those involved in the first trial. *Id.*

■ Harris County contends that the Sixth Court of Appeals decided, adversely to Walsweer, the legal question of whether a judgment against the constable and the four deputies in their official capacities resulted in automatic liability against Harris County; it contends that the court of appeals reversed and remanded the case because it found fact issues existed precluding summary judgment. We disagree.

The Sixth Court of Appeals held that Walsweer's summary judgment motion was deficient because he did not support the motion with any summary judgment evidence. *Walsweer,* slip op. at 5. The court concluded that because Walsweer did not produce any evidence to establish any fact issues as a matter of law, the trial court erred in entering summary judgment. *Id.* The court of appeals then reversed and remanded the summary judgment. The court of appeals held only that the motion filed by Walsweer was defective; it did not adjudicate the issue of whether Harris County could be held liable in this case. The opinion did not set a "law of the case" that precluded Walsweer from filing a motion for summary judgment on remand.

■ Harris County also contends that, by granting summary judgment, the trial court disregarded the law of the case established by the Eleventh Court of Appeals in the first appeal of this case.

The Eleventh Court of Appeals affirmed the judgment against the individual defendants in their official capacities; the court also reversed the instructed verdict entered in favor of Harris County. *Walsweer,* 796 S.W.2d at 276. The court held that, after reviewing the evidence in the light most favorable to Walsweer, there was evidence that Constable Maxon was the final policy making authority in the training of deputy constables in his precinct and evidence that the Harris County Commissioners Court had control over the hiring and training of deputy constables because it had the power to refuse to pay those who were not properly hired and trained. *Id.* at 274. The court noted that the trial court erroneously relied on a factually distinguishable case, *Rhode v. Denson,* 776 F.2d 107, 108 (5th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986), in which the Fifth Circuit held that a constable lacked the authority to make county policy. *Id.* at 273.

■ The Eleventh Court of Appeal's opinion did not establish any "law in the case" that precluded Walsweer from obtaining summary judgment on remand. The court of appeals did not adjudicate the issue of Harris County's liability, nor did it adjudicate the issue of whether Harris County must pay the official-capacity judgment rendered against the constable and his deputies. The narrow issue on appeal was whether the trial court erred in granting an instructed verdict. An instructed verdict must be reversed and remanded if an appellate court finds that there is any probative evidence that raises a material fact issue. *Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 304 (Tex.1988). Applying this standard of review, the court held that there was evidence in the record, favorable to Walsweer, that required the instructed verdict to be reversed and remanded.

We do not find that the trial court disregarded any law in the case that may have been established in the prior appeals of this case. Whether Walsweer filed a proper summary judgment motion and whether the trial court properly granted that motion is the subject of this appeal and the subject of Harris County's next point of error.

We overrule point of error one.

### The motion for summary judgment

In point of error two, Harris County contends the trial court erred in granting summary judgment because fact issues exist on proximate cause, damages, and its liability.

Walsweer filed a motion for summary judgment after the case was remanded from the Sixth Court of Appeals. Walsweer moved for summary judgment on the following grounds: (1) a judgment against Constable Maxon "in his official capacity" imposes liability on Harris County; (2) under principles of collateral estoppel, Harris County is bound by the jury findings and judgment of the first trial; and (3) Harris County is responsible for Constable Maxon's actions because he was a county official who had final policy making authority.

If any of these grounds are meritorious, we will affirm the summary judgment. *State Farm Fire & Casualty Co.*, 858 S.W.2d at 380.

### The official-capacity judgment

■ A suit against a government official in his official capacity seeks to impose liability only upon the governmental entity the official represents, and any judgment in such a suit is collectible only against the governmental entity, not against the official's personal assets. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Winograd v. Clear Lake City Water Auth.,* 811 S.W.2d 147, 162 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *see also Bowles v. Reed,* 913 S.W.2d 652, 655 (Tex. App.—Waco 1995, writ denied) (suit against county official is a suit solely against the county); *Bowles v. Wade,* 913 S.W.2d 644, 649, 649 n. 13 (Tex.App.—Dallas 1995, writ denied) (suits against public officials are suits against the entities for whom they work, and official-capacity judgments impose liability on the entity).

■ By contrast, a personal-capacity suit seeks to impose personal liability upon a government official for actions taken under color of state law. *Graham,* 473 U.S. at 165, 105 S.Ct. at 3105. A victory in a personal-capacity suit is a victory against the individual government official, rather than the entity, and therefore liability cannot be imposed on the entity. *Id.* at 167–68, 105 S.Ct. at 3106. "Thus while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* at 166, 105 S.Ct. at 3105.

■ Constable Maxon and the four deputies were sued in their official capacities. After the trial on the merits, the trial court signed a judgment against Constable Maxon and the four deputy constables in their official capacities. That judgment was appealed and affirmed. *Walsweer,* 796 S.W.2d at 276. Therefore, the 1988 judgment against these government officials in their official capacities imposes liability on Harris County. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985).

Harris County contends that summary judgment cannot be entered against it simply because an official-capacity judgment was entered against some of its officials. It argues that the case was remanded in two previous appeals because fact issues existed as to its liability; therefore, summary judgment is precluded. Harris County also argues that the "mere recitation" of "official capacity" in the judgment cannot impose liability on it because it received an instructed verdict. We find these arguments to be without merit.

In the first appeal of this case, Walsweer appealed the instructed verdict and the individual defendants appealed. Constable Maxon raised three points of error regarding the causation standard used in two questions submitted to the jury. *Walsweer,* 796 S.W.2d at 274. The deputies asserted this error on appeal and also asserted error regarding erroneously admitted testimony, the sufficiency of the evidence, and other charge defects. *Id.* The court of appeals overruled all points of error. *Id.* Importantly, neither the individual defendants nor Harris County complained on appeal that the trial court erred in rendering judgment against Constable Maxon and the deputies in their "official capacities." Harris County did not complain that the trial court erred in rendering the

official-capacity judgment because the judgment imposed liability on it.

By not assigning error in the first appeal to the trial court's rendering a judgment against Constable Maxon and his deputies in their official capacities, Harris County waived its opportunity to appeal that portion of the judgment. Harris County cannot now complain in this appeal that the official-capacity judgment should not impose liability on it for purposes of paying the judgment.[3]

We recognize that the Eleventh Court of Appeals reversed the instructed verdict entered in favor of Harris County. However, the court also stated that, "As in *Pembaur*, the record is clear that Constable Maxon had authority to establish county policy as to the training and qualification of the deputies in his precinct. The Commissioners Court had delegated that authority to the constables by acquiescing in each constable's hiring and training policies." *Walsweer*, 796 S.W.2d at 273. The court also noted that the jury found that Constable Maxon had an official policy or custom of providing inadequate training to his deputies, and that the trial court then rendered judgment against Maxon and the deputies in their "official capacities." *Id.* Again, none of these facts was challenged in the first appeal.

Harris County contends that the reversal of the instructed verdict and the remand show that it has not been found liable to Walsweer. However, what is determinant is the judgment entered at the end of the trial and its finality. While at the close of evidence the trial court granted an instructed verdict in favor of Harris County, the trial court rendered an official-capacity judgment after the jury returned its verdict. Therefore, based on the jury's verdict, the court imposed liability on Harris County by entering an official-capacity judgment. Walsweer chose, in a "belt and suspenders" approach, to appeal the instructed verdict granted in favor of Harris County, in the event the official-capacity judgment was successfully

challenged in the first appeal. This approach ensured that he did not waive any error regarding Harris County's liability. However, once Harris County waived its opportunity to appeal the judgment against the constable and his deputies in their official capacity, the judgment became final, and the reversal and remand of the instructed verdict became superfluous. Harris County remained liable to Walsweer by virtue of the official-capacity judgment.

Lastly, Harris County contends that the official-capacity judgment does not impose liability on it because Constable Maxon is an official of his precinct and not Harris County. Harris County argues, therefore, that Walsweer can only look to precinct five for satisfaction of its judgment and not to the assets of Harris County. We disagree.

Article five, section 18(a), of the Texas Constitution allows for the division of counties into precincts based on the population of the county. The subdivision of a county into precincts is determined by a county's commissioners court. TEX. CONST. Art. V, § 18(a). Each precinct is to elect one justice of the peace and one constable. *Id.* Other provisions in the Constitution and in the Local Government Code make it clear that a constable is still a county officer regardless of the county's subdivision into precincts. For example, article five, section 24, of the Texas Constitution provides for the removal of *county officers:*

> County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, *constables, and other county officers,* may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law. . . .

(Emphasis added.) The Local Government Code also refers to constables as county officers. Chapter 87 of the Code is titled in part, "Removal of County Officers From Office." Section 87.012 includes constables among those county officers who are subject

---

**3.** While acknowledging that an official-capacity judgment binds the governmental unit, Harris County contends that this case is distinguishable because Harris County was a named defendant and has always challenged the premise that the actions of Constable Maxon bind it. However, this is the very challenge Harris County should have raised in the first appeal to prevent the official-capacity judgment from becoming final. Any such challenge in this appeal is too late.

to removal under this chapter. Tex.Local Gov't Code Ann. § 87.012 (Vernon 1988). The commissioners court is given the authority to fill a vacancy in the office of constable. Tex.Local Gov't Code Ann. § 87.041 (Vernon 1988).

The county commissioners pay all constables, deputy constables, and precinct law enforcement officers on a salary basis, and all fees earned by district, county and precinct officers "shall be paid into the county treasury where earned for the account of the proper fund...." Tex. Const. art. XVI, § 61. Thus, a constable's compensation, expenses, and allowances, the amounts of which are set by the commissioners court, are paid from the general fund of the county or from other available funds. Tex.Local Gov't Code Ann. §§ 152.001, 152.011 (Vernon 1988).

If an elected constable wants to appoint a deputy, he must apply to the county's commissioners court and show the deputy is needed to properly handle the business of the constable's office that originates in the precinct. Tex.Local Gov't Code Ann. § 86.011(a) (Vernon 1988). The commissioners court must approve and confirm the appointment only if it determines that the constable needs a deputy. *Id.* The constable is then responsible for the official acts of each deputy. Tex.Local Gov't Code Ann. § 86.011(c).

To support its argument that Constable Maxon is only a precinct officer and not a county officer, Harris County relies on Tex.Local Gov't Code Ann. § 86.002 (Vernon 1988). That section provides that a constable must execute a bond, payable to the governor and conditioned on the constable's faithful performance of his duties. The bond must be approved by the commissioners court, which is authorized to set the bond in an amount of not less than $500 or more than $1500. *Id.* We are unpersuaded that satisfaction of Walsweer's judgment is limited to a $1500 personal bond. Constable Maxon's official-capacity judgment must be paid by Harris County, the governmental entity of

which Maxon is an agent. *See Graham*, 473 U.S. at 166, 105 S.Ct. at 3105.

We determine that Walsweer is entitled to summary judgment as a matter of law because the official-capacity judgment is for all purposes a judgment against Harris County and must be paid by Harris County. Therefore, we affirm the summary judgment on this ground.

Because we affirm the summary judgment on this ground, we need not address the other grounds asserted by Walsweer in his motion.

We overrule point of error two.

### IV. The mandamus appeal

On June 25, 1993, Walsweer filed a motion for issuance of a writ of mandamus requesting the trial court to direct the appellees to pay the 1988 official-capacity judgment rendered against Constable Maxon and the four deputies. On November 10, 1993, the trial court denied Walsweer's motion. In one point of error, Walsweer contends the trial court erred by refusing to issue a writ of mandamus to compel Harris County and its officials to pay the "official capacity" judgment because the judgment imposes liability on Harris County.[4]

 The district court is vested with original mandamus jurisdiction over county officials. *Vondy v. Commissioners Court*, 620 S.W.2d 104, 109 (Tex.1981). An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n. 1 (Tex.1991).

 Mandamus will issue when there is a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal. *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 (Tex.1988). Mandamus will issue to compel a public official to perform a ministerial act. *Anderson*, 806 S.W.2d at 793. An act is ministerial when the law clearly spells out

---

4. As a preliminary matter, we reject Harris County's jurisdictional challenge. A final judg-ment was rendered in this case. Therefore, we have jurisdiction to decide all issues on appeal.

**668**

the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* Moreover, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. *Id.* However, there is one exception: a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official. *Id.* Therefore, while the district court's jurisdiction is not used to substitute its discretion for that of the public official, the performance of a clear statutory duty that is ministerial and nondiscretionary should be mandated by the district court. *Vondy,* 620 S.W.2d at 109.

■■■■ Political subdivisions of the state performing governmental functions are exempt from execution or garnishment proceedings. *Delta County Levee Improvement Dist. No. 2 v. Leonard,* 516 S.W.2d 911, 912 (Tex.1974), *cert. denied,* 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975); Tex.Local Gov't Code Ann. § 81.043 (Vernon 1988) (execution may not be issued on a judgment against a county). Instead, mandamus is the proper remedy by which a judgment can be enforced against a political subdivision of the state. *Leonard,* 516 S.W.2d at 912 (citing *National Sur. Corp. v. Friendswood Indep. Sch. Dist.,* 433 S.W.2d 690 (Tex.1968)). Through mandamus, the political subdivision can be directed to levy and collect sufficient taxes to satisfy judgments outstanding against the entity when there are not sufficient funds on hand. *Leonard,* 516 S.W.2d at 912.

■■■ Walsweer established that Harris County is responsible for paying the 1988 judgment because it was rendered against county officials, in their official capacities. A judgment against county officials in their official capacities is a judgment against Harris County. *Graham,* 473 U.S. at 166, 105 S.Ct. at 3105. Thus, Walsweer established his entitlement to payment of the judgment from Harris County and because there is no legal justification to withhold payment by the County, mandamus should lie. *See Hawthorne v. La–Man Constr., Inc.,* 672 S.W.2d 255, 258 (Tex.App.—Beaumont 1984, no writ); *Angelina County v. Kent,* 374 S.W.2d

313, 318 (Tex.Civ.App.—Beaumont 1963, no writ).

Walsweer satisfies the other two requirements for mandamus relief. He made demands on Harris County, through the appropriate officials, for payment of the judgment, and the County refused to pay the judgment after demand. *Doctors Hosp.,* 750 S.W.2d at 178. Attached to his motion for issuance of a writ of mandamus is the affidavit of Walsweer's attorney and copies of the demand letters sent to Harris County for payment of the judgment. The affidavit states that numerous demands were made on the County to pay the judgment and that those demands were refused.

The trial court erred in denying Walsweer's motion for issuance of a writ of mandamus against Harris County directing it to pay the 1988 judgment. Therefore, we sustain Walsweer's sole point of error.

**V. Conclusion**

We affirm the summary judgment granted in favor of Walsweer. We reverse the trial court's judgment denying mandamus relief and remand the cause to the trial court to grant mandamus relief.