Corrected opinion issued February 13, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00822-CV




HANK C. SHEPPARD, Appellant

V.

TOMMY THOMAS, SHERIFF OF HARRIS COUNTY, TEXAS, Appellee




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 1998-46019




OPINION ON MOTION FOR REHEARING 

          In this appeal, we must determine whether Sheriff Thomas may disregard an
order rendered by the Harris County Civil Service Commission. We deny Sheriff
Thomas’s motion for rehearing, but withdraw our opinion and judgment dated
October 10, 2002, and substitute a new opinion and judgment in their stead.
          Appellant, Hank C. Sheppard, brings this appeal from the district court’s
judgment denying Sheppard’s petition for writ of mandamus. Sheppard requested a
writ of mandamus compelling Tommy Thomas, the Sheriff of Harris County, to
reinstate Sheppard to his former position as a sheriff’s deputy without Sheppard
having to complete the physical-ability test required by Harris County Sheriff’s
Department policy. In three points of error, Sheppard argues that: (1) the notice of
appeal was timely filed; (2) the Harris County Sheriff’s Department (Department) is
required to carry out orders rendered by the Civil Service Commission; and (3) the
Fourteenth Amendment entitles Sheppard to equal protection under the law. We
reverse and render.
Facts
          Sheppard was terminated by the Department on May 12, 1997. Following
Department regulations, Sheppard appealed his job termination to Sheriff Thomas,
who denied relief. Sheppard then perfected an appeal to the Department’s Civil
Service Commission (the Commission). Local Government Code section 158.034
sets forth the authority to create the Commission. Tex. Loc. Gov’t Code Ann. §
158.034 (Vernon 1999).
          Following a hearing on August 4, 1998, the Commission decided that Sheppard
should be “reinstated to his former rank as a deputy, with seniority and benefits but
no reimbursement of back wages.” The Commission issued a written opinion on
August 10, 1998.
          Sheriff Thomas agreed to comply with the Commission’s order to reinstate
Sheppard; however, because Sheppard had been absent from active service for over
15 weeks, Department policy mandated that he complete a series of tests for
substance-abuse, firearms qualification, health, and “additional specialized” training
to determine his fitness for duty and proficiency.
          After the Commission’s order to reinstate Sheppard, but before he returned to
work, Sheppard completed a questionnaire regarding his history and background. He
signed a release for a background investigation. Sheppard was tested for substance
abuse and passed his firearms-qualification test.
          Appearing before the Commission again on August 25, 1998,


 Sheppard sought
to quash the Department’s requirement that he complete a physical-ability test before
returning to active duty. The physical-ability test consisted of four parts: an isometric
arm lift; a torso lift test; a long jump; and a 1.5-mile run. On September 18, 1998, the
Commission granted Sheppard’s request and ordered that the Department reinstate
him without requiring him to complete the required physical-ability test.
          On September 28, 1998, Sheriff Thomas, in a letter to the Commission,
declined to follow the Commission’s order. Sheppard then filed a petition for writ
of mandamus in the district court to compel Sheriff Thomas to comply with the
Commission’s order. The court held a hearing on the merits of Sheppard’s petition
on January 11, 1999. Without issuing a written order, the court orally denied the
relief sought by Sheppard.
          On February 5, 1999, Sheppard filed a premature motion for new trial,
followed by a premature notice of appeal on April 6, 1999. Sheppard then filed a
“Motion for Re-Hearing for Petition for Writ of Mandamus” on September 13, 1999. 
The district court signed a final judgment denying mandamus relief on October 6,
1999. On October 26, 1999, Sheppard filed a motion for new trial. After the trial
court denied his motion for new trial, Sheppard filed another notice of appeal on
September 5, 2001.
Mandamus Jurisdiction
          Although neither party raised the issue of jurisdiction, district courts are vested
with original mandamus jurisdiction over county officials. Vondy v. Commissioners
Court, 620 S.W.2d 104, 109 (Tex. 1981) (citing former Tex. Const. art. V, § 8). We
also note that well-established law supports a district court’s authority to issue a writ
of mandamus to compel a public official to perform a ministerial act. See, e.g.,
Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991) (requiring mayor
to hold election on question of abolishing city’s corporate existence); Turner v.
Pruitt, 342 S.W.2d 422, 423 (Tex. 1961) (citing action against justice of peace for
damages for failure to provide jury for person charged with misdemeanor criminal
offense in justice of peace court); Bichsel v. Carver, 321 S.W.2d 284, 285 (Tex.
1959) (proceeding brought to mandamus chief of police to reinstate suspended
policeman).
          Generally, cases holding that a district court has the authority to conduct a
mandamus proceeding tend to repeat the test for mandamus relief rather than discuss
the basis for the court’s actual authority. E.g., Anderson, 806 S.W.2d at 793
(mandamus will issue to compel public official to perform ministerial act). A district
court’s authority to conduct a mandamus proceeding was originally both
constitutional


 and statutory.


 Currently, Government Code section 24.011 represents
the sole authority vesting a district court with the authority to conduct a mandamus
proceeding against a public official. See Tex. Gov’t Code Ann. § 24.011 (Vernon
1988). The statute reads, “A judge of the district court may, either in termtime or
vacation, grant writs of mandamus, injunction, sequestration, attachment,
garnishment, certiorari, and supersedeas and all other writs necessary to the
enforcement of the court’s jurisdiction.” Id. Accordingly, we conclude that the
district court had the authority to hear Sheppard’s petition for writ of mandamus.
Premature Notice of Appeal
          Sheppard argues in point of error one that, despite filing a premature notice of
appeal, this Court has jurisdiction to hear the case. Although Sheppard calls this a
point of error, point one obviously does not attack any error purportedly made by the
district court. Because Texas Rule of Appellate Procedure 27.1 allows a party to file
and perfect an appeal prematurely, we agree we have jurisdiction. Accordingly, we
dismiss point of error one as moot.
Denial of Petition for Writ of Mandamus
          In point of error two, Sheppard argues that the district court erred by denying
his petition for writ of mandamus. Specifically, Sheppard is seeking to enforce the
Commission’s two previous orders for reinstatement without having to complete the
Department’s required physical test. Neither party disputes the facts. Thus, we will
review the district court’s application of the law to determine whether Sheppard has
a right to his requested relief.
          An appeal from an original proceeding for a writ of mandamus initiated in the
trial court is treated differently from an original proceeding for a writ of mandamus
initiated in a court of appeals. See Anderson, 806 S.W.2d at 794 n.2. “[W]e do not
review the trial court’s findings of fact and conclusions of law under the abuse of
discretion standard applicable to mandamus actions originating in appellate courts.” 
Univ. of Tex. Law Sch. v. Tex. Legal Foundation, 958 S.W.2d 479, 481 (Tex.
App.—Austin 1997, no writ) (citing Anderson, 806 S.W.2d at 794 n.2). Rather, “[w]e
review them in accordance with the standards generally applicable to trial-court
findings and conclusions. That is, we review findings of fact for legal and factual
evidentiary support . . . and we review conclusions of law de novo.” Id. at 481 (citing
Anderson, 806 S.W.2d at 794). Appellate courts give great deference to a trial court’s
determination of factual matters; our review of a court’s determination of legal
principles is much less deferential—a trial court has no “discretion” in determining
what the law is or applying the law to the facts. Walker v. Packer, 827 S.W.2d 833,
840 (Tex. 1992).
          A party is entitled to mandamus relief when there is a legal duty to perform a
nondiscretionary act, a demand for performance of that act, and a refusal. Doctors
Hosp. Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 178 (Tex. 1988); Harris
County v. Walsweer, 930 S.W.2d 659, 667 (Tex. App.—Houston [1st Dist.] 1996,
writ denied). Further, a party is entitled to mandamus relief to compel a public
official to perform a ministerial act. Anderson, 806 S.W.2d at 793; Walsweer, 930
S.W.2d at 667. An act is ministerial when the law clearly spells out the duty to be
performed by the official with sufficient certainty that nothing is left to the exercise
of discretion. Anderson, 806 S.W.2d at 793; Walsweer, 930 S.W.2d at 667. Relying
on supreme court cases, this Court has held:
[A] writ of mandamus will not issue to compel a public official to
perform an act which involves an exercise of discretion. [Anderson, 806
S.W.2d at 793.] However, there is one exception: a writ of mandamus
may issue in a proper case to correct a clear abuse of discretion by a
public official. Id. Therefore, while the district court’s jurisdiction is
not used to substitute its discretion for that of the public official, the
performance of a clear statutory duty that is ministerial and
nondiscretionary should be mandated by the district court. Vondy, 620
S.W.2d at 109.
Walsweer, 930 S.W.2d at 668.
          Here, Sheppard petitioned the district court for a writ of mandamus directed at
Sheriff Thomas. Sheppard filed the petition to compel Sheriff Thomas to follow the
Commission’s order that Sheppard should be “reinstated to his former rank as a
deputy, with seniority and benefits but no reimbursement of back wages.” After a
hearing on the merits, the district court denied the request for mandamus relief.
          The ministerial act in question—as determined by the Commission—is the
reinstatement of Sheppard to the position of sheriff’s deputy without completing a
physical-ability test. According to the Local Government Code, the Commission
“shall adopt, publish, and enforce rules, regarding: . . . layoffs and dismissals.” Tex.
Loc. Gov’t Code Ann. § 158.035 (Vernon Supp. 2003).


 We conclude that section
158.035 is clear and unambiguous on its face; accordingly, we must interpret the
statute to reflect its common meaning. St. Luke’s Episcopal Hosp. v. Agbor, 952
S.W.2d 503, 505 (Tex. 1997) (holding legislature’s intent is determined from plain
and common meaning of words used).
          When used as a verb, “enforce” means “to give force or effect to (a law, etc.);
to compel obedience to.” Black’s Law Dictionary 549 (7th ed. 1999). Thus,
section 158.035 vests the Commission with the authority to compel a sheriff to follow
its rulings. To hold otherwise, would pervert the intent of the statute and strip the
Commission of its authority. Courts should enforce the plain meaning of laws as the
legislature enacts them, because when courts stray from the plain language, they risk
encroaching on the legislature’s function to decide what the law should be. 
Fitzgerald v. Advanced Spine Fixation Sys. Inc., 996 S.W.2d 864, 866 (Tex. 1999). 
Moreover, the legislature is never presumed to have done a useless thing. Hunter v.
Fort Worth Capital Corp., 620 S.W.2d 547, 551 (Tex. 1981). Thus, we hold that the
Commission’s order was nondiscretionary and that Sheriff Thomas was required to
comply.
          Instead, Sheriff Thomas made his own extrajudicial determination that the
Commission had exercised authority beyond that which had been statutorily
conferred. In a letter addressed to the Commission, Sheriff Thomas wrote, “[N]either
State law nor the Civil Service Regulations confers upon the Commission any
authority to dictate the testing standards the Department may apply before reinstating
an employee after an extended absence, and it may be argued that in the matter of Mr.
Sheppard [appellant] the Commission, in ‘quashing’ the physical ability test,
committed an ultra vires act.”
          Under current law, a sheriff cannot file suit for judicial review of an adverse
ruling from a civil service commission. See Tex. Loc. Gov’t Code Ann. 158.037
(Vernon 1999) (setting forth procedure for employee, but not sheriff, to appeal
Commission’s order). Sheriff Thomas cites no authority that would allow him to file
a suit for judicial review, and we know of none. However, a sheriff can challenge a
civil service commission’s ruling in district court on the basis that the commission’s
actions were ultra vires.


 Nueces County v. Nueces County Civil Serv. Comm’n, 909
S.W.2d 597, 598 (Tex. App.—Corpus Christi 1995, no pet.) (stating courts can
intervene in administrative proceedings when agency is exercising authority beyond
its statutorily conferred powers) (quoting Westheimer Indep. Sch. Dist. v. Brockette,
567 S.W.2d 780, 785 (Tex. 1978)).
          Because the Commission ordered Sheriff Thomas to reinstate Sheppard without
taking the physical-ability test, we conclude that anything less than full compliance
with the Commission’s order constitutes a failure to perform a nondiscretionary
ministerial act. Therefore, we hold that the district court erred by denying appellant’s
petition for writ of mandamus. Further, we hold that appellant’s petition for writ of
mandamus should be granted in conformity with the Commission’s orders. We
sustain point of error two. Because we sustain point of error two, we do not reach
point of error three.

Conclusion
          We reverse the district court’s judgment and remand the cause to the district
court with instructions that it render a final judgment granting the mandamus relief
requested by Sheppard. We also instruct the district court to allow Sheriff Thomas
to voluntarily comply with the court’s new judgment. If Sheriff Thomas does not
voluntarily comply, the trial court shall (1) order the district clerk to issue a writ of
mandamus and (2) conduct such further postjudgment enforcement proceedings as
may be necessary.
 
                                                                        Frank C. Price
Justice

Panel consists of Justices Taft, Alcala, and Price.