Opinion issued March 11, 2004







            










In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-01154-CV
___________
 
TAMAR AVNI-KAMINETZKY AND DOV AVNI KAMINETZKY A/K/A
DOV K. AVNI, Appellants
 
V.
 
MISSION BEND NO. 5 HOME ASSOCIATION, INC., Appellee
 

 
 
On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 95-22777
 

 
 
MEMORANDUM OPINION ON REHEARING
          In an opinion issued on September 24, 2003, this Court dismissed this appeal
for want of prosecution because appellants, Tamar Avni-Kaminetzky (Tamar) and
Dov Avni Kaminetzky a/k/a Dov K. Avni (Dov), failed timely to comply with an
order of this Court. In an order dated November 6, 2003, this Court granted
appellants’ motions for rehearing, vacated its previous judgment, and withdrew its
original opinion.
          Appellants challenge the trial court’s rendition of judgment, entered after a jury
trial, awarding appellee, Mission Bend No. 5 Home Association, Inc. (Mission
Bend),


 $147 as an unpaid maintenance assessment on residential property owned by
Tamar and $19,322 in attorneys’ fees.
          In four issues, appellants contend that (1) the trial court’s judgment was not
final because it did not dispose of all pending claims, (2) the trial court erred in
“disregarding” the holding of this Court’s February 11, 1999 opinion issued in this
case,


 (3) the trial court erred in denying appellants’ motions for summary judgment,
and (4) the trial court erred in failing to take judicial notice of “findings of fact”
contained in this Court’s February 11, 1999 opinion. In a fifth issue, Tamar contends
that the trial court erred in submitting the charge to the jury because questions
concerning necessary elements of Mission Bend’s cause of action were omitted from
the charge.



          We affirm.
Facts and Procedural Background
          In May 1994, Mission Bend filed suit against Tamar to collect delinquent
maintenance assessments owed for 1993 and 1994 on her residential property located
at 7106 Corta Calle.


 Tamar answered and filed a counterclaim against Mission Bend
for “malice.” Mission Bend subsequently filed a motion for summary judgment,
which was granted by the trial court.
          On Tamar’s original appeal to this Court, we concluded that, in support of its
motion for summary judgment, Mission Bend did not present summary judgment
evidence to establish, as matter of law, that the maintenance assessments at issue had
been approved by a proper vote of the property owners. See Avni-Kaminetzky v.
Mission Bend No. 5 Home Ass’n Inc., No. 01-97-00174-CV, slip op. at 3 (Tex.
App.—Houston [1st Dist.] Feb. 11, 1999, no writ) (not designated for publication). 
Accordingly, this Court held that a disputed, material fact issue precluded summary
judgment against Tamar, and we reversed the trial court’s summary judgment
rendered in favor of Mission Bend and remanded the cause for further proceedings. 
See id. at 3-4.
          On remand, Dov, based on allegations that he was a co-owner of the subject
property, intervened in the suit as “an interested party” and filed counterclaims
against Mission Bend, its management company, the law firm representing Mission
Bend, and attorney Roy D. Hailey, individually, for fraud, conspiracy to commit
fraud, and slander of title. Dov also filed three motions for summary judgment on the
claims asserted by Mission Bend. The trial court denied these motions.
          At trial, Dov non-suited his counterclaims for fraud and conspiracy to commit
fraud, and, at the conclusion of the evidence, the trial court granted Mission Bend’s
motion for a directed verdict on all of appellants’ remaining counterclaims. In its
answers to the jury charge, the jury found that Tamar had failed “to comply with the
restrictive covenant governing homeowner’s assessments in connection with her
home” with regard to assessments owed to Mission Bend for 1993 and 1994. 
However, the jury found that Tamar’s failure to comply in 1994 was excused. The
jury also awarded Mission Bend $904.12 and $1,119.28 as delinquent assessments
owed by Tamar for 1993 and 1994, respectively, and $19,322 as Mission Bend’s
attorneys’ fees through trial.
          Mission Bend subsequently filed a motion to disregard the jury’s answer
concerning the amount of the assessment owed by Tamar for 1994, given the jury’s
answer that the delinquency was excused, and to reduce the jury’s answer concerning
the amount of assessment owed for 1993 from $904.12 to $147. In its final judgment,
the trial court granted Mission Bend’s motion and rendered judgment for Mission
Bend in accordance with the remaining findings of the jury.
Finality of Judgment
          In their first issue, appellants argue that the trial court erred in signing its “Final
Judgment” on August 24, 2001 because the judgment did not dispose of a pending
counterclaim for “malice” asserted by Tamar against Mission Bend “and its agents.”
          It is well-established that, in general, an appeal may be taken only from a final
judgment, that is, a judgment that disposes of all pending parties and claims. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The intent to finally
dispose of the case must be unequivocally expressed in the words of the judgment
itself. Id. at 200. If that intent is clearly expressed in the judgment, the order is final
and appealable, even though the record does not provide an adequate basis for
rendition of judgment. Id. In Lehmann, the court stated that, to determine whether
an order disposes of all pending claims and parties, an appellate court may also look
to the record from the court below. Id. at 205-06.
          It is undisputed that, at trial, Dov non-suited his counterclaims against Mission
Bend for fraud and conspiracy to commit fraud and proceeded to trial on his
counterclaim for slander of title. At the conclusion of the evidence, Mission Bend
moved for a directed verdict on Dov’s remaining counterclaim, as well as any
remaining causes of action contained in “all of the counterclaims” presented by both
appellants. The trial court granted Mission Bend’s motion for directed verdict. 
Although the trial court’s judgment does not specifically refer to counterclaims
asserted by Tamar, the judgment recites that “[a]ll relief requested in this cause and
not expressly granted is denied. This judgment finally disposes of all parties and
claims and is appealable.”
          Here, the record indicates that, by granting Mission Bend’s motion for directed
verdict, the trial court disposed of any pending counterclaims asserted by appellants. 
Moreover, the Texas Supreme Court has expressly approved the use of language such
as that used by the trial court in this case to avoid doubt as to the finality of a
judgment. See id. at 206. Accordingly, based on the record presented and the intent
of finality expressed in the language of the trial court’s judgment, we hold that the
trial court’s August 24, 2001 judgment was a final and appealable judgment.
          We overrule appellants’ first issue.
Law of the Case
          In their second issue, appellants contend that the trial court “disregarded” and
“did not follow the clear instruction” of this Court’s February 11, 1999 opinion,
which appellants contend constituted the “law of the case” concerning whether, at
trial, Mission Bend was required to establish its authority to increase the property
assessments owed by appellants and other affected homeowners. Appellants argue
that, as a result of the trial court’s “disregard” for this Court’s previous opinion, the
trial court erred in failing to include in the jury charge “any charge or instruction
related to the facts needed to establish a proper quorum of property owners, who have
[sic] approved the various increases of the annual assessments” in accordance with
the applicable deed restrictions.
          We note that, under the law of the case doctrine, the decision of a court of last
resort on a question of law will govern a case throughout its subsequent stages. 
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986); Harris County v. Walsweer,
930 S.W.2d 659, 663-64 (Tex. App.—Houston [1st Dist.] 1996, writ denied).
          As noted above, in the February 11, 1999 opinion, this Court concluded that,
in support of its motion for summary judgment, “Mission Bend presented no
summary judgment evidence to establish there was a vote of the property owners to
authorize an assessment increase in excess of five percent.” Avni-Kaminetzky, slip
op. at 3. Accordingly, this Court held that a disputed material fact issue precluded
summary judgment against Tamar, reversed the trial court’s summary judgment
rendered in favor of Mission Bend, and remanded the cause for further proceedings. 
See id. at 3-4. In the opinion, this Court made no decision concerning any questions
of law that would “govern [this] case throughout its subsequent stages,” nor did this
Court limit the manner in which the parties or the trial court could present the causes
of action and relevant questions of fact to the jury. Rather, this Court determined
solely that the summary judgment record presented in the previous appeal did not
support the trial court’s rendition of summary judgment because of the existence of
a material issue of fact. Therefore, we hold that, beyond the limits of its specific
holding, this Court’s February 11, 1999 opinion did not constitute the law of the case
as to any of the issues considered in that appeal. See Hudson, 711 S.W.2d at 630.
          With regard to any alleged errors contained in the jury charge, as appellants
acknowledge in their brief, to preserve a complaint premised on the jury charge for
appellate review, a party must present to the trial court a timely request, motion, or
objection, state the specific ground, and obtain a ruling. Tex. R. Civ. P. 272, 274;
Tex. R. App. P. 33.1(a); In re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003). The record
indicates that, at the charge conference, appellants did not object to the jury charge
on the grounds asserted in this issue on appeal. Accordingly, we hold that appellants
have waived the arguments presented in this issue concerning the questions and
instructions contained in or omitted from the jury charge by failing properly to object
at trial and to obtain a ruling. See id.
          We overrule appellants’ second issue.
Denial of Motions for Summary Judgment
          In their third issue, appellants contend that the trial court erred in denying their
motions for summary judgment on Mission Bend’s claims, which motions appellants
assert were based on both “conventional and ‘no evidence’ grounds.”



          When a party moves unsuccessfully for summary judgment and subsequently
loses in a conventional trial on the merits, the denial of that motion generally is not
subject to review on appeal. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
625 (Tex. 1996); Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966);
Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635, 638-39 (Tex. App.—Houston [1st
Dist.] 2000, no pet.); Shepherd v. Ledford, 926 S.W.2d 405, 408 (Tex. App.—Fort
Worth 1996), aff’d, 962 S.W.2d 28 (Tex. 1998). Appellants do not present an
explanation, and the record does not support an argument, as to why this Court should
not follow the application of the general rule in this case. Accordingly, we hold that
appellants have presented nothing for review on this issue.
          We overrule appellants’ third issue.
Judicial Notice
          In their fourth issue, appellants contend that the trial court erred in “failing to
take judicial notices [sic] of judicial estoppel affecting [Mission Bend’s] claim”
following this Court’s February 11, 1999 opinion. In that opinion, this Court
observed, in relevant part, as follows: “Article V, section 3(b) of the deed restrictions,
which are a part of Mission Bend’s summary judgment evidence, limits the maximum
annual assessment increase to five percent unless a vote of two-thirds of the qualified
property owners approves the increase.” Avni-Kaminetzky, slip op. at 3. Appellants
argue that this statement amounted to a conclusive finding of fact, of which the trial
court was required to take judicial notice, and that “once an intermediate reviewing
court makes a finding of fact, and no appeal is taken, the finding may not later be
disputed.”
          As noted above, beyond the limits of the specific holding that a material issue
of fact existed that was sufficient to defeat Mission Bend’s motion for summary
judgment, this Court’s February 11, 1999 opinion did not create law of the case. See
Hudson, 711 S.W.2d at 630. Moreover, none of the comments or observations
contained within this Court’s opinions may be construed or represented as “findings
of fact” because, as an appellate court, we may not make original findings of fact; we
can only “unfind” facts. Tex. Nat’l Bank v. Karnes, 717 S.W.2d 901, 903 (Tex.
1986). Accordingly, we hold that appellants’ argument presented in this issue is
without merit.
          We overrule appellants’ fourth issue.
Jury Charge
          In her fifth issue, Tamar contends that the trial court erred “in disregarding the
appellate opinion of 2/11/99 when it presented the jury with ambiguous, ill defined
broad form questions on construction of unspecified instruments.”
          As noted above, to preserve a complaint premised on the jury charge for
appellate review, a party must present to the trial court a timely request, motion, or
objection, state the specific ground, and obtain a ruling. Tex. R. Civ. P. 272, 274;
Tex. R. App. P. 33.1(a); B.L.D., 113 S.W.3d at 349. The record indicates that, at the
charge conference, Tamar did not object to any of the questions or instructions
included in the jury charge on the grounds alleged under this issue on appeal. 
Accordingly, we hold that Tamar has waived the arguments presented in this issue by
failing to object properly at trial and to obtain a ruling.
          We overrule Tamar’s fifth issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.