**HUGH WOOD FORD, INC., dba San Jacinto Ford, Appellant,**

v.

**Ron and Norma GALLOWAY, Appellees.**

**No. C14–90–00671–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1992.

Rehearing Denied June 18, 1992.

Gene Green, III, Houston, for appellant.

Gary M. Block, Houston, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Ron and Norma Galloway (appellees) own a Ford truck with a diesel engine. The truck is used by Ron Galloway in connection with his commercial shrimping business. On about April 28, 1987, vandals put gasoline in one of the two fuel tanks on the truck. The truck was towed to Hugh Wood Ford, Inc. dba San Jacinto Ford (San Jacinto Ford or appellant) in Baytown. Ron Galloway engaged San Jacinto Ford to make the repairs made necessary by the vandalism. On May 12, 1987, the repair job allegedly had been completed, and Ron Galloway paid San Jacinto Ford $1,981 for the repair job. Thereafter, Galloway continued to have trouble with the truck and spent $1,726.75 to have the truck properly repaired.

The Galloways brought suit against appellant to recover damages, alleging that appellant did not repair the truck properly and did not replace parts appellant had represented would be replaced. Suit was brought under the Deceptive Trade Practices–Consumer Protection Act (The DTPA) article 17.41 et seq of the Texas Business and Commerce Code. Alleging that Ron Galloway had lost almost $17,000 in earnings from his shrimping business because of the loss of use of the truck during the 1987 shrimping season, the Galloways claimed total actual damages of $21,756.78.

Following a non-jury trial, the court awarded the Galloways $6,161.35 in actual damages, $7,161.35 in additional damages for knowing violations of the DTPA, attorney's fees of $6,000 through the trial court and additional attorney's fees in the appellate courts.

The trial court made findings of fact and conclusions of law sufficient to support the judgment but did not specify the categories or types of actual damages awarded to the Galloways.

There is evidence of three categories or types of actual damages. The first category is the property damage to the truck. As stated above, appellees paid San Jacinto Ford $1,981 to repair the truck. Thereafter, because of continued trouble with the truck, the appellees had to pay $1,726.75 to Kinsel Ford and Joe Camp Ford to do the repairs that San Jacinto Ford failed to do. Appellant claims that there is no evidence that the repairs done by Kinsel and Joe Camp were necessary and no evidence that the cost of those repairs was reasonable. There is evidence in the record that the repairs done by Kinsel and Joe Camp were necessary, but there is no evidence that the cost of those repairs was reasonable. However, the trial court did not specify in the judgment or the findings of fact and conclusions of law that appellees were being awarded the cost of repairs made by Kinsel and Joe Camp. There is evidence in the record that the repairs by San Jacinto Ford lacked any value whatsoever, and with that proof appellees were entitled to recover the amount paid to San Jacinto Ford without proof of the reasonable cost of repairs necessary to put the vehicle in the warranted condition. *Smith v. Kinslow*, 598 S.W.2d 910 (Tex. Civ.App.—Dallas 1980, no writ). Therefore, the evidence is sufficient to support $1,981 of the $6,161.35 in actual damages awarded by the trial court.

The second category of actual damages consisted of extra expenses appellees claimed they incurred because of continued trouble with the truck after San Jacinto Ford had allegedly completed its repair job. There is evidence in the record that appellees actually incurred extra expenses totaling $2,339.50 and that these expenses would not have been incurred if San Jacinto Ford had properly repaired the truck. Therefore, this evidence is sufficient to support $2,339.50 of the $6,161.35 in actual damages awarded by the trial court.

The third category of actual damages claimed by the appellees consisted of loss of earnings from Ron Galloway's shrimping business. Appellees claim such loss totaled $16,995. We have held that

$4,320.50 of the $6,161.65 awarded as actual damages is supported by the evidence in the first two categories. If the evidence supports as much $1,841.15 in lost earnings from the shrimping business, then all of the evidence is sufficient to support the entire award of $6,161.65 in actual damages. There is sufficient evidence in the record to support an award of at least $1,841.15 for lost profits from Ron Galloway's shrimping business. Although Ron Galloway's testimony is confusing concerning gross profit and net profit, there was testimony by Charles Goings to the effect that from the opening of the Louisiana shrimping season in Vermillion Bay on May 25, 1987, through July of 1987, a shrimper like Ron Galloway could make a net profit of $700 a day. While appellees claimed Ron Galloway lost 33 days of shrimping because of San Jacinto Ford's defective repair of his truck, appellant claims Ron Galloway could not have lost more than 16 days. Under the testimony of Charles Goings, Ron Galloway would have lost over $2,000 in net profit if he missed only 3 days from work. There is sufficient evidence to prove that Ron Galloway actually lost more than 3 days because of continued trouble with the truck during June of 1987. Therefore, we hold that there is sufficient evidence to support the trial court's award of $6,161.65 in actual damages. Appellant's first two points of error are overruled.

■ In point of error number three, appellant urges that the trial court erred in awarding $7,161.35 in additional damages because there is no evidence that San Jacinto Ford knowingly violated the DTPA. This point of error has no merit. There is evidence in the record that appellant actually did not replace any of the parts appellant agreed to replace. The evidence is sufficient to support the trial court's finding of knowing violations of the DTPA by San Jacinto Ford and the judgment awarding additional damages. Point of error number three is overruled.

■ In its fourth point of error appellant contends the trial court erred in admitting into evidence plaintiff's exhibit 17 because it was a summary and the supporting documents were not supplied by appellees to San Jacinto Ford and its counsel.

Texas Rules of Civil Evidence 1006 provides as follows:

The contents of voluminous writings, recordings, or photographs, otherwise admissible, which can not conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Plaintiff's exhibit 17 was not a summary of voluminous writings which could not conveniently be examined in court. It was a list of extra expenses appellees claim they incurred because of continued trouble with the truck. Both Mr. and Mrs. Galloway testified concerning these expenses. There was no error in admitting plaintiff's exhibit 17 in evidence.

■ In point of error 5 appellant challenges the award of attorney's fees of $6,000 for services through the trial of the case. Appellant's complaint is that the attorney for the appellees kept no time records and only estimated the amount of time he spent handling the case. In the attorney's testimony he went into great detail concerning all of the work he had done in handling the case and his estimate of 57 hours of time spent by him was not contradicted in any way. The attorney's testimony is sufficient to support the court's award of $6,000 in attorney's fees for services through the trial of the case. Point of error number five is overruled.

The judgment of the trial court is affirmed.