TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00732-CV







William C. Stoll and Victor Lopez, Appellants



v.



Dan A. Braden, Maria L. C. Rivera and Eloise Key, Appellees






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 231,507, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 William C. Stoll and Victor Lopez (collectively "Stoll") appeal from the trial-court
judgment against them for damages and attorney's fees under the Texas Deceptive Trade Practices
Act. See Tex. Bus. & Com. Code Ann. §§ 17.41-.826 (West 1987 & Supp. 1999) ("DTPA"). 
We will affirm the trial-court judgment.


The Controversy



 In March 1993, a hailstorm damaged the roof of a duplex at 10805 Lambert Circle
in Austin. Appellees Dan A. Braden, Maria L.C. Rivera and Eloise Key (collectively "Braden")
owned the duplex, which Stoll managed. Stoll employed Turn-Key Property Maintenance to
replace the roof. Stoll and Lopez were the only two partners in Turn-Key Property Maintenance. (1) 
Stoll did not remove the old roof and replace it with a new one as requested, but installed a new
roof over the old roof ("the 1993 roof"). This practice is known as a "nailover." 

 In January 1996, Braden sought to sell the duplex. An inspection revealed
problems with the 1993 roof. The inspector discovered that a nailover had been performed. The
nails used were too short, were pulling out of the roof, and were starting to puncture shingles. 
This was Braden's first notice of the defective manner in which Stoll had installed the 1993 roof. 
The potential buyer was unable to insure the property with the 1993 roof in place and could not
obtain a loan until the existing roofs were torn off and a new roof installed. Braden demanded that
Stoll replace the 1993 roof. When Stoll refused, Braden paid a contractor to install a new roof
("the 1996 roof"). Braden demanded that Stoll pay for the 1996 roof on April 8, 1996. Stoll
refused, and this litigation ensued.

 After a bench trial, the court found for Braden and found that Stoll's DTPA
violations had been committed knowingly. Braden recovered $2,825 in economic damages,
$5,650 in treble damages, and $5,875 in attorney's fees. No findings of fact or conclusions of law
were requested or made. Accordingly, we will affirm the trial-court judgment if it can be upheld
on any legal theory that finds support in the evidence. See In re W. E. R., 669 S.W.2d 716, 717
(Tex. 1984); Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex. 1968).


Discussion and Holdings



 On appeal, Stoll brings six issues: (1) his agency relationship with Braden
precluded any DTPA liability; (2) there was no express or implied warranty and thus no DTPA
liability; (3) there was no knowing DTPA violation to support multiplying damages; (4) the
express warranty, if any, was for labor only and could not support a judgment that included
materials; (5) the court erred in its damage award because Braden failed to produce "evidence
necessary" to support the award; and (6) the court erred in failing to credit Stoll with value
received by Braden.

 Stoll cites no authority and makes no record references in support of his first, third
and fourth issues. See Tex. R. App. P. 38.1(h). Nevertheless, we will consider these issues. 
Id. at 38.9(b) (appellate court has variety of options in dealing with substantive briefing defects
to achieve purpose of a "satisfactory submission of the case").


DTPA Liability--Agency


 In his first issue, Stoll claims that he cannot have liability under the DTPA because
of his capacity as an agent for Braden. Stoll complains that Braden impermissibly wants to
"separate Mr. Stoll into two persons." However, a person may act in multiple capacities. Stoll
was sued in his capacity as a partner in Turn-Key Property Maintenance, a Texas general
partnership. As such, Turn-Key Property Maintenance is a separate legal entity. See Texas
Revised Partnership Act, Tex. Rev. Civ. Stat. Ann. art. 6132b-2.01 (West Supp. 1999). An
action may be brought against a partnership and any or all of the partners in the same or separate
suits. Id. § 3.05(b). There was no evidence that Turn-Key Property Maintenance was Braden's
agent. That Stoll acted as Braden's agent for certain purposes does not preclude his liability as
a partner in Turn-Key Property Maintenance. We overrule issue one.




DTPA Liability--Warranty


 In his second issue, Stoll claims that he did not warrant the roof; therefore, a
judgment finding liability under the DTPA for breach of warranty was improper. (2) Stoll
misunderstands the judgment. Braden's trial pleadings claimed that Stoll violated section 17.46(b)
of the DTPA by representing that goods or services had characteristics, uses or benefits which
they did not have and by representing that work or services had been performed on goods when
the work or services had not been performed. See DTPA § 17.46(b)(5), (b)(21). The court
rendered a general judgment for the plaintiff. Although Braden also pleaded a breach of a written
"warranty extension" because of Stoll's failure to replace the 1993 roof, that theory is not
necessarily the one under which the court decided the case.

 The invoice Stoll prepared for the 1993 roof specified that the old roof had been
torn off down to the decking and replaced. This representation was untrue. Stoll does not
controvert that he did a nailover instead of the requested replacement. A roofer testified
concerning the defective work done in installing the 1993 roof. There is legally and factually
sufficient evidence to support recovery based on these specific DTPA violations and thus uphold
the judgment. See W. E. R., 669 S.W.2d at 717. We overrule issue two.


DTPA Liability--Knowing Violation


 In his third issue, Stoll contends that there was no knowing DTPA violation to
support multiplying the economic damages awarded in the judgment. A "knowing" DTPA
violation requires actual awareness at the time of the falsity or deception that the representation
was false or deceptive. See DTPA § 17.45(9). As discussed above, Stoll did not controvert that
a nailover rather than the represented replacement was done. There is sufficient evidence to
support the court's finding of a knowing violation. See Hugh Wood Ford, Inc. v. Galloway, 830
S.W.2d 296, 298 (Tex. App.--Houston [14th Dist] 1992, writ denied) (evidence that dealership
did not replace parts it had agreed to replace). We overrule issue three.


DTPA Liability--Express Warranty


 In his fourth issue, Stoll contends that, even if there were an express warranty, it was
for labor only and could not support a judgment awarding damages for materials. As discussed
above, the general judgment was supported by evidence of violations of DTPA § 17.46, and the
amount of economic damages awarded found support in the evidence. We overrule issue four.


Damages


 In his fifth issue, Stoll argues that the court "erred in awarding damages based on the
evidence." Stoll argues that Braden failed to produce "evidence necessary" to support the amount
of damages awarded under either the "benefit of the bargain" or "out of pocket" measure of
damages. Braden responds that the DTPA allows recovery for the cost of repair and replacement
under these facts. We agree.

 The cost of repair is an appropriate measure of damages to a home when the repair
is feasible and does not involve economic waste. See Ortiz v. Flintkote Co., 761 S.W.2d 531, 536
(Tex. App.--Corpus Christi 1988, writ denied); Jim Walter Homes, Inc. v. Mora, 622 S.W.2d
878, 883 (Tex. App.--Corpus Christi 1981, no writ); Greene v. Bearden Enters., Inc., 598
S.W.2d 649, 652-53 (Tex. App.--Fort Worth 1980, writ ref'd n.r.e.). Stoll does not contend that
the price Braden paid for the 1996 roof was unreasonable or that replacing the roof caused
economic waste. Accordingly, we overrule issue five.


Failure to Credit


 In his sixth issue, Stoll contends that the trial court's failure to credit him with two
items resulted in a "windfall" for Braden and caused an improper calculation of out-of-pocket
damages. These items are: (1) the difference between the amount Braden received from his
insurance company in 1993 and the amount Stoll charged for the 1993 roof and (2) the value of
Braden's three years of use of the roof. As noted above, the trial court was not confined to out-
of-pocket damages and there was sufficient evidence to support the amount of economic damages. 
awarded. We overrule issue six.


Conclusion



 We have overruled all of Stoll's issues presented. Accordingly, we affirm the trial-court judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: May 6, 1999

Do Not Publish
1. Braden sued the partnership Turn-Key Property Maintenance and Stoll and Lopez
individually. The judgment was against the partnership and Stoll and Lopez individually. The
notice of appeal named only Stoll and Lopez as appellants.
2. Stoll does not indicate, in this or any other issue, whether he is bringing a legal or factual
sufficiency challenge.



>


 In his third issue, Stoll contends that there was no knowing DTPA violation to
support multiplying the economic damages awarded in the judgment. A "knowing" DTPA
violation requires actual awareness at the time of the falsity or deception that the representation
was false or deceptive. See DTPA § 17.45(9). As discussed above, Stoll did not controvert that
a nailover rather than the represented replacement was done. There is sufficient evidence to
support the court's finding of a knowing violation. See Hugh Wood Ford, Inc. v. Galloway, 830
S.W.2d 296, 298 (Tex. App.--Houston [14th Dist] 1992, writ denied) (evidence that dealership
did not replace parts it had agreed to replace). We overrule issue three.


DTPA Liability--Express Warranty


 In his fourth issue, Stoll contends that, even if there were an express warranty, it was
for labor only and could not support a judgment awarding damages for materials. As discussed
above, the general judgment was supported by evidence of violations of DTPA § 17.46, and the
amount of economic damages awarded found support in the evidence. We overrule issue four.


Damages


 In his fifth issue, Stoll argues that the court "erred in awarding damages based on the
evidence." Stoll argues that Braden failed to produce "evidence necessary" to support the amount
of damages awarded under either the "benefit of the bargain" or "out of pocket" measure of
damages. Braden responds that the DTPA allows recovery for the cost of repair and replacement
under these facts. We agree.

 The cost of repair is an appropriate measure of damages to a home when the repair
is fea